IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No: 3:06cr38/RV
     3:10cv138/RV/MD

LARRY LAVERNE DIXON

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 55). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to possession of a firearm by a convicted felon and sentenced to a term of 180 months imprisonment on May 1, 2007. (Doc. 18, 30). A notice of appeal was filed on May 7, 2007 by Attorney Robert Dennis. (Doc. 32). Attorney Gwendolyn Spivey, also of the office of the Federal Public Defender was appointed to represent the defendant on appeal. She filed an *Anders* brief, and the defendant's conviction and sentence were affirmed on December 7, 2007. (Doc. 53). The mandate

issued on January 7, 2008. (*Id.*). The instant motion was filed on April 24, 2010, pursuant to the prison mailbox rule. Defendant acknowledges that his motion is outside the statute of limitations, but asserts that had Mr. Dennis filed an appeal as instructed to do, defendant's motion would not be time barred. (Doc. 55 at 4, 12). As it patently obvious from the record, defense counsel did file the notice of appeal as instructed, the appellate court concurred with counsel that there were no arguable issues of merit, and the instant motion is time barred.

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. A judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires, ie. ninety days after the court of appeals judgment becomes final. *Clay v. United States,* 527 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002); Sup.Ct.R. 13.1. The time for filing the petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. *See Clay, supra;* Sup. Ct. R. 13.3. If a petition for rehearing is filed, Supreme Court Rule 13.3 provides that the time to file the petition for writ of certiorari runs from the date of the denial

of the petition for rehearing, or if granted, the subsequent entry of judgment. Based on the information provided by the defendant in this case, the court must conclude that the defendant's conviction became final ninety days after the Eleventh Circuit's opinion in his case. His motion, filed over two years later, is therefore untimely. And, the claim raised herein, that both trial and appellate counsel were constitutionally ineffective for failing to challenge his burglary convictions as predicate offenses for the Armed Career Criminal Enhancement do not fall within any of the exceptions to the one year time limitation.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 55) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 4th day of May, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).